UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MAXIMINO NIEVES,** | Civil Action No. 16-3545 (SDW) |
| Petitioner, | |
| v. | OPINION |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**WIGENTON**, District Judge:

Presently before the Court is the amended motion of Maximino Nieves ("Petitioner") to vacate, set aside, or correct his sentence brought pursuant to 28 U.S.C. § 2255. (ECF No. 3). As Petitioner has now filed his motion on the correct form, this Court is required to screen the motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings and determine whether it "plainly appears from the motion . . . that the moving party is not entitled to relief." For the following reasons, this Court will deny the motion as both time barred and without merit.

**I. BACKGROUND**

On October 26, 2007, "following a lengthy drug trafficking trial," a "jury convicted [Petitioner and his co-conspirators] of conspiracy to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 841(a) & (b) and 21 U.S.C. § 846. [One of Petitioner's co-conspirators, Domingo Hernandez] was also convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1)." *United States v. Arzola*, 360 F. App'x 287, 288 (3d Cir. 2010). "At trial, the prosecution presented powerful evidence of a vast drug trafficking conspiracy beginning in 1999 and ending in June 2005. Among other evidence, the prosecution presented the testimony

1

of numerous cooperating witnesses, substantial police surveillance of drug transactions, testimony regarding controlled purchases, hundreds of recorded phone conversations by and among the defendants, and physical evidence seized during an early morning raid of the conspiracy's stash houses and the defendants' residences, including substantial quantities of cocaine; drug paraphernalia such as cutting agents, scales, and drug ledgers; guns; and thousands of dollars in cash." *Id.*

Based on this conviction, this Court sentenced Petitioner to a term of 220 months imprisonment on December 5, 2008. (Docket No. 06-659 at ECF No. 181). In reaching that sentence, this Court rejected Petitioner's argument that he should not receive a weapons enhancement under U.S. Sentencing Guideline § 2D1.1(b)(1) because he did not himself possess a gun, finding as follows:

> [As to the gun enhancement,] clearly [Petitioner] did not possess a weapon. And there was no indication from the Court's perspective that [Petitioner] had any conversations about weapons, as [defense counsel] argued, or that [Petitioner was] involved with weapons. But the conspiracy did [involve weapons]. And it goes back to, once again, was it foreseeable? And I would argue that it was. I mean, it's foreseeable that essentially of the six people that were on trial, four had weapons, based on the evidence and based on only the testimony. And most importantly, [Petitioner's co-conspirator and close ally Hernandez] had one. I understand the circumstances surrounding his weapon being that it was in a box in his home, and he had just moved in[to] the home, or at least he was in the process of moving. But there were weapons that were involved. So I think it's appropriate to give the enhancement.

(Docket No. 06-659 at ECF No. 183 at 25-26).

Following his sentence, Petitioner and several of his co-conspirators appealed. In his appeal, Petitioner specifically argued that the imposition of the gun enhancement under § 2D1.1(b)(1) was improper. *Arzola*, 360 F. App'x at 289. The Third Circuit, however, rejected that argument noting that the record "contained overwhelming evidence of guilt" and that

Petitioner's arguments were "without merit" and warranted rejection "without further discussion." *Id.*

On or about June 8, 2016, some six years after Petitioner's direct appeal was denied, Petitioner filed his current § 2255 motion. (ECF No. 1). This Court administratively terminated that motion on June 22, 2016, because Petitioner had failed to make use of the proper form. (ECF No. 2). On or about July 13, 2016, Petitioner refiled his motion on the correct form and within the time set by this Court in the June 22 Order. (ECF No. 3). In his amended motion, Petitioner presents only one argument – that this Court erred in giving him a weapon enhancement under Guideline § 2D1.1(b)(1) based on the conduct of his co-conspirators. (ECF No. 3 at 4). In making that argument, Petitioner also attempts to argue that to do so is somehow improper under the Supreme Court's recent decision in *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015), and that his motion to vacate is timely because it was filed within one year of *Johnson*.

## II. DISCUSSION

### A. Legal Standard

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence. Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Unless the moving party claims a jurisdictional defect or a Constitutional violation, in order to merit relief the moving party must show that an error of law or fact constitutes

"a fundamental defect which inherently results in a complete miscarriage of justice, (or) an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir.) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)), *cert. denied* 444 U.S. 865 (1979); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458-59 (D.N.J. 2003). Prior to ordering an answer to a § 2255 motion, Rule 4 of the Rules Governing Section 2255 Proceedings requires that the district court review a petitioner's § 2255 motion and "dismiss the motion" if it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Pursuant to the rule, this Court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

**B. Analysis**

**1. An evidentiary hearing is not required**

28 U.S.C. § 2255(b) requires an evidentiary hearing for all motions brought pursuant to the statute "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *United States v. Booth,* 432 F.3d 542, 545 (3d Cir. 2005); *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992). "Where the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted by the petitioner or indicate[s] that petitioner is not entitled to relief as a matter of law, no hearing is required." *Judge v. United States*, 119 F. Supp. 3d 270, 280 (D.N.J. 2015); *see also Government of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985); *see also United States v. Tuyen Quang Pham*, 587 F. App'x 6, 8 (3d Cir. 2014); *Booth*, 432 F.3d at 546. For the reasons set forth below, Petitioner's motion is both untimely and without merit. As such, Petitioner is not entitled

4

to relief as a matter of law and no evidentiary hearing is therefore necessary for the resolution of his motion.

**2. Petitioner's § 2255 is untimely and Petitioner has presented no basis for tolling**

Petitioner filed his current motion some six years after the Third Circuit's decision rejecting his direct appeal, but suggests that his current motion is timely based on the recent Supreme Court decision in *Johnson*. Section 2255 motions are subject to a one year statute of limitations. 28 U.S.C. § 2255(f). That limitation period begins to run at the latest of the following events: the date on which the conviction becomes final, the date on which an impediment to making the motion is removed, the date on which the right asserted was initially recognized by the Supreme Court if Petitioner's claim is based on a newly recognized right made retroactively applicable to cases on collateral review, or the date on which the facts supporting the claim could first have been discovered through due diligence. 28 U.S.C. § 2255(f)(1)-(4). Where a Petitioner's conviction runs from the date on which his conviction became final, his conviction becomes final on the date where his time for pursuing direct review, including a petition for certiorari, has run. *See Kapral v. United States*, 166 F. 3d 565, 577 (3d Cir. 1999); *see also United States v. Johnson*, 590 F. App'x 176, 177 (3d Cir. 2014). As Petitioner did not file a petition for certiorari,[1] his conviction became final ninety days after the Third Circuit denied relief, which occurred on January 14, 2010. *Arzola*, 360 F. App'x at 287. Thus, Petitioner's conviction became final on April 14, 2010, when the time for filing a petition for certiorari had run. *Kapral*, 166 F.3d at 577. Given this date,

---

[1] One of Petitioner's co-conspirators, Domingo Hernandez, did file a petition for certiorari, which was denied on October 4, 2010. *See Henrandez v. United States*, 562 U.S. 171 (2010). Even if Petitioner were given the benefit of this October 2010 date, however, his current motion would still be untimely by more than four years.

Petitioner's one year limitation period had run as of April 14, 2011, absent some form of equitable tolling.

In his amended motion, Petitioner argues that his statute of limitations should run from June 26, 2015, the date on which the Supreme Court decided *Johnson*. Pursuant to 28 U.S.C. § 2255(f)(3), the one year limitation period will run from the "date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactive to cases on collateral review." Although *Johnson* did announce a new right, and has been made retroactive to cases on collateral review, *see generally Welch v. United States*, --- U.S. ---, 136 S. Ct. 1257 (2016), *Johnson* provides no help to Petitioner for a very simple reason – the claim he seeks to raise was not established by *Johnson*, and, indeed, has not been established at all.

In *Johnson*, the Court held that "because the residual clause of the Armed Career Criminal Act of 1983 (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), 'combin[es] indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony,' it is unconstitutionally vague." *Welch*, 136 S. Ct. at 1268 (Thomas, J. dissenting). The *Johnson* Court thus struck down the residual clause of ACCA which permitted Courts to deem a person a career offender based on crimes which were deemed crimes of violence because they "otherwise involve[d] conduct that present[ed] a serious potential risk of physical injury to another." *Johnson*, 135 S. Ct. at 2555-58. *Johnson* thus effectively invalidated the imposition of an ACCA sentence based solely on crimes deemed violent based on this residual clause rather than because they met the other two criteria for being considered an ACCA offense.

Although courts have extended the holding of *Johnson* to cover statutes other than ACCA which use language largely identical to ACCA to define "crimes of violence" or "violent crimes,"

6

*see, e.g., United States v. Calabretta*, --- F.3d ---, 2016 WL 3997215 (3d Cir. 2016) (striking down similar language in the Career Offender Guideline); *United States v. Dahl*, --- F.3d ---, 2016 WL 4394538 (3d Cir. 2016) (applying *Johnson* categorical approach to similar language in federal sex crimes enhancement guideline); *United States v. Parnell*, --- F. App'x ---, 2016 WL 3230697 (3d Cir. 2016) (discussing similar language in 18 U.S.C. § 924(c)), Petitioner's claim does not arise out of a statute or Guideline containing a similar provision. Instead, Petitioner attempts to use *Johnson* to attack his receiving a weapons enhancement under Guideline § 2D1.1(b)(1)[2] where there was no evidence that he, himself, carried a weapon, as opposed to one of his co-conspirators using a weapon. (*See* ECF No. 1; ECF No. 3 at 4). Petitioner's claim does not arise out of *Johnson*, and his invocation of *Johnson* does not warrant a change to the date of the running of his statute of limitations as *Johnson* did not first recognize the right Petitioner seeks to raise here. *See* 28 U.S.C. § 2255(f)(3). Because *Johnson* provides Petitioner no aid in avoiding the statute of limitations, Petitioner's motion remains time barred by approximately five years, and, absent some form of equitable tolling, must be dismissed as such.

The statute of limitations applicable to § 2255 motions is subject to equitable tolling. Equitable tolling "is a remedy which should be invoked 'only sparingly.'" *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). In order to receive equitable tolling, a petitioner must "show (1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *Johnson*, 590 F. App'x at 179 (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). Mere excusable neglect is insufficient to warrant tolling of the statute of

---

[2] That Guideline provides that, when sentencing a defendant for a drug trafficking offense, the Court should "increase [the defendant's offense level] by 2 levels" if "a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1). Clearly, this language lacks the vagueness and indeterminacy which was at the heart of *Johnson* and its progeny.

7

limitations.  *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013).  Petitioner has presented no basis in his motion for the application of equitable tolling, and this Court can discern no basis for more than five years of tolling based on the information provided.  As such, Petitioner's motion to vacate sentence appears well and truly time barred and must be dismissed as such.  While this Court would normally be inclined to provide Petitioner an opportunity to argue tolling before dismissing his motion as time barred, the Court need not do so here because it is clear that Petitioner's motion is utterly without merit and would need to be denied even were it timely brought for the reasons discussed below.

### 3. Petitioner's motion is improper and ultimately without merit

Before briefly discussing the merit of Petitioner's claim, the Court must first note that a § 2255 motion "is not a substitute for an appeal" and therefore cannot "be used to relitigate matters decided adversely on appeal."  *Government of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985).  As such, § 2255 "may not be employed to relitigate questions which were raised and considered on direct appeal."  *United States v. DeRewal*, 10 F.3d 100, 105 n. 4 (3d Cir. 1993) (internal quotations omitted); *see also United States v Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) ("issues resolved in a prior direct appeal will not be reviewed again by way of § 2255 motion").  Petitioner has already challenged the imposition of a weapons enhancement on direct appeal, and the Third Circuit rejected his claim as utterly without merit without further discussion.  *See Arzola*, 360 F. App'x at 289.  As Petitioner's claim has already been rejected on direct appeal, it is not the proper subject of a § 2255 motion, and thus is improperly raised here.

Even were Petitioner's claim not improper, however, it would remain meritless.  Pursuant to Guideline § 1B1.3(a)(1)(B), conduct undertaken by one's co-conspirators may form the basis

8

of an enhancement for a given defendant who did not engage in that conduct where the conduct was within the scope of the conspiracy, in furtherance of that conspiracy, and reasonably foreseeable in connection with the criminal activity. *See also United States v. Thornton*, 306 F.3d 1355, 1358 (3d Cir. 2002). Guideline § 2D1.1(b)(1) in turn provides that a drug offender shall receive a 2 level sentence enhancement "if a dangerous weapon (including a firearm) was possessed." Thus, a member of a drug conspiracy can be given a weapons enhancement under Guideline § 2D1.1(b)(1), as occurred here, so long as the reasonably foreseeable conduct of his co-conspirators in furtherance of the conspiracy included the use of weapon or firearm sufficient to warrant such an enhancement. *Thornton*, 306 F.3d at 1358. As this Court noted at sentencing, the conduct of Petitioner's co-conspirator and close ally, Hernandez, was more than sufficient to warrant the weapon enhancement, and that Hernandez's possession of the weapon was clearly foreseeable given the nature of the drug trafficking conspiracy in which Petitioner and Hernandez were engaged. (*See* Docket No. 06-659 at ECF No. 183 at 25-26). This Court likewise observed that at least three other co-conspirators also possessed weapons in furtherance of the drug trafficking conspiracy. (*Id.*). Thus, several of Petitioner's co-conspirators used weapons, including guns, within the scope and in furtherance of the conspiracy, in a manner which was reasonably foreseeable, and thus it was entirely proper to impose a weapons enhancement on Petitioner under the circumstances. *Thornton*, 306 F.3d at 1358. Petitioner's claim that there was no evidence to support the imposition of the enhancement upon him is thus utterly without merit. As such, Petitioner's § 2255 motion must be denied, and would need to be denied even if it had been timely filed.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a proceeding under § 2255 unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's ruling that Petitioner's motion is time barred, and because jurists would not disagree that Petitioner's sole claim is improperly raised and utterly lacking in merit, Petitioner's motion is inadequate to deserve encouragement to proceed further and no certificate of appealability shall issue.

### IV. CONCLUSION

For the reasons stated above, this Court will deny Petitioner's § 2255 motion as time-barred and meritless, and no certificate of appealability shall issue. An appropriate order follows.

Dated: August 25, 2016              *s/ Susan D. Wigenton*
                                    Hon. Susan D. Wigenton,
                                    United States District Judge